NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIE L. WILLIAMS,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5009

---

Appeal from the United States Court of Federal Claims in Case No. 10-CV-880, Judge Lawrence J. Block.

---

Decided: June 6, 2012

---

WILLIE L. WILLIAMS, of Jackson County, Florida, pro se.

WILLIAM B. LAZARUS, Attorney, Environment & Natural Resources Civil Division, Appellate Section, United States Department of Justice, of Washington, DC, for defendant-appellee.

---

Before RADER, *Chief Judge*, LOURIE and WALLACH, *Circuit Judges*.

PER CURIAM.

Willie L. Williams appeals *pro se* from the decision of the United States Court of Federal Claims (the "Claims Court") dismissing her claims seeking compensation under various treaties and judgments on behalf of the "Choctaws East of the Mississippi River, Florida" (the "Florida Choctaws") for both failing to state a claim and for requesting relief outside the Claims Court's jurisdiction. *Williams v. United States*, No. 10-880 L (Fed. Cl. Sept. 2, 2011) (the "Opinion"). Because the Claims Court correctly dismissed her claims, we affirm.

BACKGROUND

Williams is allegedly a Choctaw Indian and chief of the Florida Choctaws, which is not a federally recognized Indian tribe. Williams filed a claim on behalf of herself, her predecessors, and the Florida Choctaws for compensation for a series of claims for monetary and equitable relief. Williams filed a compensation claim based on the "Joseph Chitto Claim" in an Indian Claims Commission judgment, *Chitto v. United States*, 3 Ind. Cl. Comm'n 288 (1954), *rev'd*, 133 Ct. Cl. 643, 661 (1956), and also seeking to recover the Florida Choctaws' portion of an alleged judgment of $40 million dollars from the U.S. government. *Opinion*, at 2. Williams also seeks to recover compensation for takings under various treaties executed between 1786 and 1837 for unidentified "reservation land, natural resources," and "goods produced and extracted from" those lands taken from the Florida Choctaws and three individuals, Asbury Hunter, Burton Hunter, and Lucy Pope between 1920 and 2001. *Id.* Williams also requests royalties from the "former colonial power[s,]" "organizations," and "private collectors" for their "use of

historical records for financial gain" as well as "compensation for war damage to territorial properties" for alleged genocide. *Id.*

Williams also seeks equitable relief in the form of returned ancestral land, "sacred and cultural objects," and historical records as well as the removal of pollution on the land and waters from the "European sponsored wars of domination of the Americas." *Id.* Williams' complaint also includes allegations without a clear requested remedy for alleged "ethnocide" and "rape" of the Florida Choctaws by the United States and for alleged "character assassination" by the "colonial powers" concerning the "hospitabl[e] and peaceful" nature of the Florida Choctaws. *Id.* The government moved to dismiss for lack of jurisdiction and failure to state a claim.

The Claims Court held that Williams, proceeding *pro se*, did not have standing to assert claims on behalf of the Florida Choctaws or any other individuals and that Williams' claims for monetary relief were time-barred by the Tucker and Indian Tucker Acts. *Id.* at 4. In addition, the court found that the claims for compensation from judgment funds to individual Indians (as opposed to tribes) was not congressionally authorized; Williams' request for equitable relief was not within the Claims Court's jurisdiction; and the basis pleaded by Williams for royalties did not provide sufficient factual content to plausibly establish the defendant's liability. *Id.* at 5–6. Williams timely appealed, and this court has jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review *de novo* the Claims Court's dismissal for lack of jurisdiction. *See Brown v. United States*, 86 F.3d 1554, 1559 (Fed. Cir. 1996). Like the trial court, this court tests the sufficiency of the complaint as a matter of

law, accepting as true all non-conclusory allegations of fact, construed in the light most favorable to the plaintiff. *See Bradley v. Chiron Corp.*, 136 F.3d 1317, 1321–22 (Fed. Cir. 1998); *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

Williams alleges that the Claims Court erred in dismissing her claims and that her immediate family, including herself, her mother, father, children, siblings, and grandparents, qualifies as its own tribe. Williams argues that because the tribe is limited to her immediate family, she has standing to bring a claim on behalf of that tribe. We disagree.

The Claims Court correctly held that Williams' *pro se* status barred her from asserting claims on behalf of the Florida Choctaws or any other individuals. Rule 83.1(a)(3) of the Rules of the United States Court of Federal Claims states:

> An individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court. The terms counsel, attorney, and attorney of record include such individuals appearing pro se.

Because Williams is a non-lawyer proceeding *pro se*, she cannot represent the Florida Choctaws or anyone who is not an immediate family member. We note that there is no evidence in the appellate record that Asbury Hunter, Burton Hunter, or Lucy Pope are immediate family members of Williams. The Claims Court was therefore correct that Williams lacked standing to bring these claims, including the takings claims on behalf of the Florida Choctaws, Asbury Hunter, Burton Hunter, and Lucy Pope.

Furthermore, even if Williams did have standing, we agree with the Claims Court that all the claims are untimely. The Tucker Act gives the Claims Court jurisdiction over broad categories of claims against the United States and constitutes a waiver of sovereign immunity as to those claims. 28 U.S.C. § 1491. A companion statute, the Indian Tucker Act, further confers jurisdiction on the Claims Court to hear any claim brought by a Native American tribe against the United States that "is one which otherwise would be cognizable in the Court of Federal Claims if the claimant were not an Indian tribe." 28 U.S.C. § 1505.

The Tucker Act's grant of jurisdiction is limited by statute, barring claims not filed "within six years after such claim[s] first accrue[]." 28 U.S.C. § 2501. Williams filed her complaint in 2010. However, the alleged basis for the claims filed by Williams all occurred before 2001. Therefore, the Claims Court correctly held that these claims were time-barred under the Tucker Act. As for the claims under the Indian Tucker Act based on treaties, the court was correct to note that such claims must have accrued after 1946 for the court to have jurisdiction. 28 U.S.C. § 1505. Williams' claims filed on behalf of the Florida Choctaws for land and natural resources are based on treaties signed between 1786 and 1837, accruing long before 1946. Thus the Claims Court correctly dismissed these claims. The remaining claims seek equitable relief and are beyond the jurisdiction of the Claims Court. *United States v. Testan*, 424 U.S. 392, 398 (1976).

We have considered Williams' remaining arguments and do not find them persuasive. We find no error in the Claims Court's well reasoned decision. We therefore conclude that the court correctly concluded that it did not have jurisdiction over Williams' claims. Accordingly, we affirm.

## AFFIRMED

### Costs

No costs.